Green, J.
delivered the opinion of the court.
The first question to be determined in this case is, the true' character of the covenant between Grundy and Hays, of the 18th of April, 1825.
It is insisted by the complainant, that the amount which Grundy by the said agreement placed in the hands of Hay’s was a fund created by Grundy, for the payment of the debts therein mentioned, and that it was held by Hays in trust for that purpose. On the other side it is contended, that the amount given by Grundy, was advanced in consideration of the covenant of Hays, to stand in his shoes, and indemnify and hold him harmless from the payment of the debts mentioned in the covenant, and that Hays was to do this irrespective of the amount of the consideration advanced by Grundy.
We are of opinion, that this covenant does not create a' trust fund in which the Bank has any interest. Indeed, it' appears to us, that the parries have carefully avoided the use' of any language that would justify such a conclusion. Hays' undertakes to defend any suits that may be brought against Grundy, at his own expense, and without compensation for his trouble. It is not likely that he would have done so, had there not been a prospect of some corresponding benefit to himself. He stipulates for the privilege of making every de-fence, which Grundy would have a right to make, and that Grundy is not, by any thing he may say or do, to impair or hinder the same. If the fund were put in his hands, in trust to.pay Grundy’s debts, why. should he feel solicitous about the privilege of making every possible defence, and .insert a: covenant that Grundy should not hinder or impair his right to' do so? He could have no interest to defend suits against-Grundy successfully, if it was impossible for him to be againer by Grundy’s success. It must be observed too, that Hays was not previously liable for these debts. He was not *261 Grundy’s surety, receiving an indemnity against his liability, previously existing to the Bank. He is now for the first time connecting himself with the claims; and the undertaking is to resist them, by all legal means, and in case of failure to im demnify Grundy.
But the stipulation, that Hays “should stand in Grundy’s shoes,” a phrase very expressive of the meaning of the parties, not only gives him a right to make every legal defence that Grundy could make; but it exempts him from liability, except in cases where Grundy would have been liable, had the agreement not been made. How can he stand in Grundy’s shoes if he is made liable for a debt, for which Grundy is not legally liable?
It cannot be doubted, but that if the consideration of this covenant had been but one dollar, Hays would have been liable in damages, to the full amount of all the demands against which he undertook to indemnify Grundy. The nature of the covenant and the responsibilities of the parties are not changed, by the amount of the consideration. Hays is bound to indemnify Grundy, or be responsible in damages for failing to do so. With the agreement the Bank has nothing to do; and as it cannot come into this court, on the ground of a trust fund having been placed in the hands of Hays for the payment of its debts, so there is no other ground upon which equity can take jurisdiction. ft
But if it could litigate its right to have judgment against Grundy in this court, it is clear that its action is barred by the statute of limitations. The statute commenced running, at furthest in 1823, and this suit was brought in 1834, more than six years thereafter.
This, however, is clearly inadmissible. The claim of the Bank against Mr. Grundy is purely legal, and must be litigated in a court of law. The jurisdiction of this court cannot attach, until there shall be had a judgment at law, and an execution against Grundy returned nulla bona.
The decree must be affirmed.